**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Dhruv M. Sharma (SBN 248146)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:  (949) 381-5900
Facsimile:   (949) 271-4040
Email:         bpaino@mcglinchey.com
                   dsharma@mcglinchey.com

Attorneys for *Defendant* **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| AVISHAL PRASAD<br><br>    Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, National Association<br><br>    Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>Superior Court Case No.: 20SMSC01153<br>Action Filed:   July 16, 2020 |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, *defendant* JPMorgan Chase Bank, National Association ("Chase") hereby removes the above-captioned action brought by *plaintiff* Avishal Prasad ("Plaintiff") from the Superior Court of the State of California, in and for the County of Los Angeles (the "Superior Court"), to the United States District Court for the Central District of California, on the basis of federal question jurisdiction.

I.   **BACKGROUND**

1.   On July 16, 2020 Plaintiff commenced an action in the Superior Court entitled *Avishal Prasad v. Chase Bank, N.A.,* Case Number 20SMSC01153 (the "Superior Court Action"). A true and correct copy of Plaintiff's Complaint (the "Complaint") is attached hereto as **Exhibit A**.

2. Chase was served with the Complaint on October 6, 2020. Pursuant to 28 U.S.C. § 1446(b), this notice has been timely filed because it is being filed within 30 days of Chase's receipt of the Complaint.

3. As of the date of this notice, Chase has not filed an answer or otherwise responded to the Complaint. Accordingly, Chase is informed and believes that the Complaint and Standing Order attached hereto as **Exhibit A** constitutes all process, pleadings, and orders in the Superior Court Action that were served on Chase.

4. The Superior Court has scheduled a trial for February 5, 2021. It has not otherwise scheduled or conducted any hearings as of the date of this notice. A true and correct copy of the Superior Court's docket in the Superior Court Action is attached hereto as **Exhibit B**.

5. Pursuant to 28 U.S.C. § 1446(d), Chase will promptly give written notice of the removal of the Superior Court Action to all adverse parties and will file a copy of this notice with the Clerk of Los Angeles County Superior Court.

## II. VENUE

6. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Central District of California is the proper venue for the removed Superior Court Action because it is the judicial district in which the State Court Action is pending.

## III. FEDERAL QUESTION JURISDICTION

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because the Complaint requires a determination as to whether Chase violated "laws…of the United States." *See* 28 U.S.C. § 1331. Specifically, the Complaint alleges that Chase violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"). (*See* Compl., ¶¶ 3(a)). Plaintiff alleges that Chase violated the FCRA by "[r]eporting false and erroneous information" and by "[r]eporting adverse/negative information without a warning notice." (*See id.*) By virtue of this claim, the resolution of this action will necessarily require the Court to adjudicate disputed questions of federal law. It follows that Chase may remove the Superior Court

Action to this court pursuant to the provisions of 28 U.S.C. § 1441. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law"); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).

8. To the extent Plaintiff's Complaint states causes of action that are not based on federal law, this Court has supplemental jurisdiction. This is because any such claims: (i) arise from the same set of operative facts that underlie Plaintiff's FCRA claim; and (ii) relate to the same subject matter; namely, Chase's credit reporting. Accordingly, Plaintiff's state-law claims, to the extent they exist, are related to Plaintiff's federal question allegations, thereby forming a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

## IV. RESERVATION OF RIGHTS

9. Chase reserves the right to supplement this notice when, and if, additional information becomes available. In addition, Chase reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

**WHEREFORE**, Chase prays that the Superior Court Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

DATED: November 5, 2020

**McGLINCHEY STAFFORD**

By: */s/ Dhruv M. Sharma*
DHRUV M. SHARMA
BRIAN A. PAINO
Attorneys for *Defendant* **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**